NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1485

GLYNIS MARIE WARNER
VERSUS
GILFORD WARNER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-4149
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Henry Liles
Liles and Redd
Post Office Box 3717
Lake Charles, LA 70602
(337) 433-8529
COUNSEL FOR PLAINTIFF/APPELLEE:
    Glynis Marie Warner

Gilford Warner
527 ½ Brady Street
Sulphur, LA 70663
(337) 526-6839
DEFENDANT/APPELLANT:
    IN PROPER PERSON

PICKETT, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Gilford Warner, to show cause, by brief only, why the appeal in this matter should not be dismissed as untimely. On December 23, 2008, this court received Appellant's response to the rule. Also, on December 16, 2008, this court received from Plaintiff-Appellee, Glynis Marie Warner, a memorandum in support of dismissing this appeal as untimely. For the reasons given herein, we hereby dismiss the appeal.

This case involves a domestic dispute between former spouses who have children together. Appellant, acting in proper person, filed three rules for contempt of court against Appellee. In response, Appellee filed exceptions of no right of action and of res judicata which were granted by the trial court in a judgment signed on February 11, 2008. In that same judgment, the trial court also dismissed a "Petition for Modification of Custody and Child Support" which had been filed by Appellant. At this time, Appellant seeks to appeal the judgment of February 11, 2008.

Louisiana Code of Civil Procedure Article 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In situations wherein no application for new trial is filed, La.Code Civ.P. art. 2087 provides that a devloutive appeal may be taken within sixty days after the expiration of the delay for applying for a new trial, and La.Code Civ.P. art. 2123 provides that a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial.

In the case at bar, the judgment at issue was signed on February 11, 2008, and Notice of Judgment was sent on February 14, 2008. Although the parties had until

1

February 26, 2008 to apply for a new trial, no application for new trial was filed. As such, the delays for filing a motion and order for a devolutive appeal expired on April 28, 2008. However, the record reflects that the motion and order for appeal were not filed into the trial court's record until September 30, 2008. Therefore, we hereby dismiss this appeal as untimely.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.